UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SAEED ABDULLA, SALAH G. MOHAMMED and
36TH FOOD & GRILL INC.,

        Plaintiffs,    COMPLAINT

                Case No.: 1:21-cv-4728

   -against-

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF AGRICULTURE,
FOOD AND NUTRITION SERVICE,

        Defendants.
----------------------------------------------------------------x

  The Plaintiffs, SAEED ABDULLA, SALAH G. MOHAMMED and 36TH FOOD & GRILL INC., by their attorney, JESS M. BERKOWITZ, ESQ., complaining of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, in the above-entitled action, respectfully allege as follows:

  1. Jurisdiction over this cause is founded under Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. §2023) and Section 279.7 of the Regulations of the United States Department of Agriculture, Food and Nutrition Service (7 CFR § 279.7).

  2. The Plaintiffs, SAEED ABDULLA and SALAH G. MOHAMMED, are residents of the County of Kings, City and State of New York.

  3. The Plaintiff, 36TH FOOD & GRILL INC., is a domestic business corporation duly licensed in the State of New York, with its principal place of business located at No. 1792 Flatbush Avenue, Brooklyn, New York, 11210 wherein it owns and operates a retail grocery/convenience store.

4. That Plaintiff, SALAH G. MOHAMMED, is the sole shareholder and officer of the Plaintiff, 36TH FOOD & GRILL INC., in which he has invested his life savings renovating said store with the installation of new furnishings, fixtures and equipment necessary for the operation of a retail grocery/convenience store.

5. After establishing this business, under the name of East 36th Deli & Grill Corp. on or about May 22, 2012, the Plaintiffs submitted an application, in May, 2012, to the United States Department of Agriculture, Food and Nutrition Service for authorization to participate as retail owners in the Food Stamp Program/Supplemental Nutrition Assistance Program. The Plaintiff's application was approved by the Defendants in June, 2012. Thereafter, this business was re-authorized under the name of 36TH Food & Grill Inc. on February 28, 2017 by Plaintiff, SALAH G. MOHAMMED as sole shareholder and officer.

6. Prior to the incidents that gave rise to this proceeding, the Plaintiff's performance and record in the Food Stamp Program, Supplemental Nutrition Assistance Program has been exemplary and unblemished.

7. By letter of charges, dated October 4, 2018 the Defendants informed the Plaintiff that he and his firm were charged with violating Section 278.2(a) of Supplemental Nutrition Assistance Program (SNAP) regulations as a result of accepting Supplemental Nutrition Assistance Program Benefits in exchange for merchandise, which, in addition to eligible foods, include common non-food items on four (4) separate occasions, annexed hereto as Exhibit "A".

7. The Defendant's attached Investigative Transaction Reports to said letter indicating that on those four (4) occasions, August 22, 2018, August 28, 2018, August 30, 2018 and September 12, 2018, ineligible items had been sold using SNAP benefits and as a result, the Plaintiffs' business was being considered for disqualification from the Supplemental Nutrition

2

Assistance Program for a period of six (6) months, or the imposition of a civil money penalty, if applicable, in lieu of the disqualification, said Investigative Transaction Reports are annexed hereto as Exhibit "B".

8. In response to the Defendant's letter of charges, Plaintiff through his attorney submitted a timely response in writing by letter dated October 23, 2018 refuting the allegations of violations of the SNAP, requesting information pursuant to a FOIA demand contained therein, stating that the store would suffer economically if disqualified for six (6) months and requesting the imposition of a civil money penalty in lieu of the six (6) month SNAP disqualification, copy annexed hereto as Exhibit "C".

9. By letter dated March 15, 2021, the Section Chief, Retailer Operations Division of the USDA, Food and Nutrition Service, Supplemental Nutrition Assistance Program, Gilda Torres, issued a determination that the Plaintiffs should be disqualified from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months as a result of the violations set forth in the letter of charges and Transaction Reports and denied Plaintiff's request for the imposition of a civil money penalty in lieu of the disqualification, copy annexed hereto as Exhibit "D".

10. By letter dated March 18, 2021, Plaintiff through his attorney, requested an Administrative Review of the Retailer Operations Division's determination to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months and again stating that the store would suffer economically if disqualified for six (6) months and requested the consideration of the imposition of a civil money penalty in lieu of the disqualification, copy of which is annexed hereto as Exhibit "E".

11. The Defendants have now rendered a decision to disqualify the Plaintiffs

from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months as a result of alleged sales of ineligible items in exchange for Electronic Benefit Transfer Food Benefits as contained in a Final Agency Decision letter dated July 26, 2021 and delivered on August 2, 2021, wherein they refused to impose civil money penalty in lieu of the disqualification, a copy of which is annexed to the Complaint in this action as Exhibit "F".

12. That subsequent to each letter or decision a response or request for review was timely taken by the Plaintiffs within the Defendants' administrative framework, and the result of these appeals or reviews was to ultimately sustain and uphold the Defendants' decision to disqualify the Plaintiffs from participating in the Supplemental Assistance Program for a period of six (6) months.

13. Such determination has been made without the Plaintiffs having been afforded the opportunity to confront and examine witnesses, review unredacted information in the Defendant's reports and the investigations and documents concerning same, and receive a complete and unredacted documents pursuant to Plaintiffs' demand for same under a Freedom Of Information Act request, so they would be furnished all discovery material that form the basis of the charges lodged against said Plaintiffs so they may adequately defend themselves.

14. This is a suit for judicial review of the determination and decision of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, in accordance with the provisions of Title 7 United States Code §2023 and CFR §279.7 of the Regulations of the United States Department of Agriculture, Food and Nutrition Service pertaining to the Supplemental Nutrition Assistance Program.

15. The Plaintiff has at all times and continues to categorically deny each and

every charge or violation set forth by the Defendants which constitute the grounds for the Plaintiffs disqualification as participants in the Supplemental Nutrition Assistance Program for a period of six (6) months as described in the letter of charges and Transaction Reports.

16. The Defendants' decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program is arbitrary and capricious and without merit for the following reasons:

(a) The failure of the Defendant's Investigators to obtain a positive identification during the four (4) instances wherein a clerk(s) at this owner's store is alleged to have sold the ineligible items and where the Plaintiff denies that such a person as identified in the Transaction Reports annexed hereto as Exhibits "C", "D", "E" and "G", worked in the store on the dates and times in question.

(b) The fact that all of the so-called common ineligible non-food items allegedly sold were inexpensive regular household items, based on and contained in the notations in the Investigative Transaction Report, annexed hereto as Exhibits "C", "D", "E" and "G".

(c) The unsuccessful attempts to have the owner's employee engage in accepting SNAP benefits for common ineligible non-food items on August 15, 2018 as noted in Exhibit "A" of the Investigative Transaction Reports and on September 4, 2018, as noted in Exhibit "F" of the Investigative Transaction Reports.

(d) The unsuccessful attempts to have the owner's employee engage in accepting SNAP benefits for cash, i.e., "trafficking" on September 4, 2018 as noted in Exhibit "F" of the Investigative Transaction Reports and on September 11, 2018, as noted in Exhibit "G" of the Investigative Transaction Reports.

(e) The failure to provide the time spent in the store on each investigative visit, namely

the time of entry and departure, deprives the Plaintiffs of the opportunity to consider whether the investigation was conducted for a sufficient period of time to be complete and thorough.

(f) The Plaintiffs have not been afforded an opportunity to confront and examine witnesses, particularly the Defendants' Investigators who investigated this business and charged Plaintiffs with the violations of the Supplemental Nutrition Assistance Program Regulations.

(g). The failure to provide timely notice of evidence of violations where the complained acts occurred more than one year prior to the letter of charges being delivered to Plaintiffs.

17. In addition, The Defendants have failed to consider the following factors and evidence in their decision:

(a) The Plaintiff's unblemished record as an owner participating in the Supplemental Nutrition Assistance Program since 2012.

(b) The sanction of disqualification from participation in the Supplemental Nutrition Assistance Program for six (6) months is excessive under the circumstances herein, if, in fact, the charges lodged against the Plaintiffs are sustained and would result in irreparable harm.

(c) That according to Defendant's own records, common ineligible non-food items were sold only four (4) times within a one (1) month period and were of unknown and negligible value and negligible profit.

18. It is submitted that the redactions in the Investigative Transaction Reports and Defendant's failure to reveal the entry and departure time is designed to avoid the necessary disclosure of the period of the time the investigator spent in the store, and the true identification of the clerk since the store records would reveal who was working at the time each investigation was conducted.

19. Additionally, it is also submitted that the allegations contained in the Investigative

Transaction Reports are incredible and untrustworthy where one (1) FNS Investigator and one (1) Confidential Informant contracted by the FNS attempted to continually **entrap** the employees into selling various common ineligible non-food items and in exchanging Food Stamps for cash on seven (7) different occasions, wherein the clerks actually refused to violate the SNAP regulations to benefit the undercover FNS Investigators.

20. Where the nature of the alleged common ineligible non-food items purchased are as follows:

    1. On August 22, 2018, one (1) Roll of "Scott" 1000 sheets tissue paper, no price indicated as noted in Exhibit "C".

    2. On August 28, 2018, one (1) Package of "Bikini Bottom" incense, no price indicated and one (1) Roll of "Scott" 1000 sheets tissue paper, no price indicated as noted in Exhibit "D".

    3. On August 30, 2018, one (1) "Devil's Queen", Blunteffects Incense, no price indicated and one (1) "Strictly Positive Vibrations" Incense, no price indicated, as noted in Exhibit "E".

    4. On September 12, 2018, one (1) Bag of "Blunteffects" Opium Incense, no price indicated.

and are of such an insignificant amounts and on **all items no prices are even indicated**, the penalty is excessive and puts into question the validity and credibility of this investigation.

21. It is further submitted that the failed attempts to entrap the non-English speaking cashiers/clerks to exchange SNAP benefits for common ineligible non-food items on August 15, 2018 as noted in Exhibit "A" of the Investigative Transaction Reports and on September 4, 2018, as noted in Exhibit "F" of the Investigative Transaction Reports and the unsuccessful attempts to

have the owner's employee engage in accepting SNAP benefits for cash, i.e., "trafficking" on September 4, 2018 as noted in Exhibit "F" of the Investigative Transaction Reports and on September 11, 2018, as noted in Exhibit "G" of the Investigative Transaction Reports, and the incomplete and ambiguous Investigative Transaction Reports must weigh heavily in favor in the Plaintiffs. Furthermore, it is inconceivable and unreasonable to believe that this owner would jeopardize a solvent and successful business and the source of his livelihood for the meager sum earned by the sale of these ineligible items, to wit, toilet paper and incense.

22. That to disqualify this owner for a six (6) month period, merely due to alleged "carelessness and poor supervision", if it even occurred, will result in irreparable injury and damage to this Plaintiffs if this disqualification is imposed.

23. The Defendants' decision to disqualify the Plaintiffs from the Supplemental Nutrition Assistance Program is arbitrary and capricious and is in violation of the Defendants' own Regulations.

24. The Plaintiffs have exhausted all administrative remedies herein.

WHEREFORE, the Plaintiffs' respectfully requests this Court to review and set aside the decision and determination of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE to disqualify this Plaintiff from the Supplemental Nutrition Assistance Program for six (6) months and for such other and further relief as to this Court may be just and proper.

Dated: New York, New York
August 22, 2021

JESS M. BERKOWITZ (JMB3316)
Attorney for Plaintiffs
Office & P.O. Address
401 Broadway, Room 806
New York, New York 10013
(917) 733-7701